Victor Manuel LOPEZ, Petitioner–
Appellant,

v.

Blair LEIBACH, Respondent–Appellee.

No. 00–1463.

United States Court of Appeals,
Seventh Circuit.

Submitted June 14, 2001.[*]

Decided June 14, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and WILLIAMS, Circuit Judges.

ORDER

Victor Manuel Lopez was convicted after a jury trial of drug trafficking in violation of Illinois law. He was sentenced to 38 years' imprisonment, and his conviction and sentence were affirmed on direct appeal. *See People v. Lopez*, No. 3–93–0230, slip op. at 5, 1994 WL 927367 (Ill.App.Ct. Dec. 9, 1994) (unpublished order). After exhausting his state post-conviction remedies, Lopez petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming as

relevant here that his trial was tainted by prosecutorial misconduct during closing argument. The district court denied Lopez's petition but granted a certificate of appealability on the prosecutorial-misconduct claim.[1]

John Balma, an Illinois State Police trooper, testified at Lopez's trial that he was traveling east on Interstate 80 when he stopped a Volkswagen van with California plates that was traveling under the speed limit and weaving. Lopez was driving; co-defendant Roberto Garay and a woman were also inside. Lopez told Balma that a friend had loaned him the van for a two-day vacation in Ohio. At trial, Lopez explained that he and Garay earned a living selling Amway products and flowers in California, and that one of their customers had offered the use of his van because the two men did not trust the older-model Cadillac they used in their business for the long trip to Ohio.

Balma ticketed Lopez for improper lane usage and then asked if anything illegal was inside the van. Lopez said there was not and offered to let Balma look. Lopez then signed a preprinted consent-to-search form. Balma inspected the van, observing recent welds on the underside, new bolts in the seat brackets, and what appeared to be a false floor covered by freshly glued carpeting. Balma then called for a drug-sniffing dog, which detected narcotics beneath the middle seat. Balma drilled two holes in the floor and arrested Lopez and Garay after discovering cocaine. Later inspection disclosed a hidden compartment containing 110 kilogram packages with a total street value exceeding $38 million.

At trial Lopez insisted he had only checked the oil, water and tires before embarking and did not consider the six-or eight-inch rise in the floor unusual. He denied knowing there was cocaine in the van and said he would not have borrowed it had he known.

During closing argument, the prosecutor several times remarked about the "war on drugs" and his view that the jury had a responsibility to send a stern message to drug traffickers. Specifically, the prosecutor stated:

> Where do you think the dope that is sold on the streets of Bureau County and LaSalle and Henry County comes from? At some point, that dope was tooling down Interstate 80. So the war on drugs has got to be fought at every single level if it means anything. And we here in Bureau County along with every prosecutor and every jurisdiction and every justice system and every county and state, we have to all approach it seriously.

> And when evidence shows guilty beyond a reasonable doubt in a courtroom, convictions must be maintained or the war on drugs we might as well just give up on.

> \* \* \* \* \* \*

> You know, because the evidence proves guilty beyond a reasonable doubt, ladies and gentlemen, you have a very unique opportunity because we have proven that. You have the opportunity to send a message. To serve notice on anybody that is involved in illegal drugs, whether

1. In his petition Lopez also claimed that each of the four lawyers who represented him in his criminal case and during the state post-conviction proceedings had been ineffective. He makes the same argument here, which we construe as a motion to expand the scope of the certificate of appealability granted by the district court. Because we conclude that Lopez has not made a substantial showing of the denial of a constitutional right with respect to the performance of his former counsel, we decline to expand the certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

street level dealers, whether mules transporting across county. Producers everywhere.

That is, if you do your business in Bureau County, Illinois, Mr. Drug Dealer or Mrs. Drug Dealer, you have to pay the price because Bureau County jurors will hold you accountable when the authorities come in from Bureau County of law and show beyond a reasonable doubt, you are guilty. That is the message you have the opportunity of sending.

During rebuttal the prosecutor added:

I would suggest to you that the drug problem is a greater threat to our national security than anything else, and everybody that plays a role must be fought tough and hard in that role.

   \*     \*     \*     \*     \*     \*

There's a battle in every war. Little ones and big ones. And this is a big one. And this one is one that the People need to win because if the people don't win this battle on the evidence presented here and the ridiculous stories that these defendants gave, then the message is the war is over and we have lost.

■ On direct appeal the Illinois appellate court deemed the prosecutor's remarks improper but not reversible error because the evidence of Lopez's guilt far outweighed any potential prejudice. We examine Lopez's prosecutorial-misconduct claim under the framework established in 28 U.S.C. § 2254(d), which provides that habeas corpus relief may not be granted with respect to a claim that was adjudicated on the merits in state court unless that decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of facts in light of the evidence

presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). An "unreasonable application" of clearly established Supreme Court precedent occurs (1) if the state court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular state prisoner's case; or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Anderson v. Cowan*, 227 F.3d 893, 896 (7th Cir.2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 407–08, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (internal quotation marks omitted)). In determining whether a state court decision was an "unreasonable application of" clearly established law, we defer to any reasonable state court decision. *See id.* at 896–97; *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir.1999). Thus we must consider whether the Illinois appellate court unreasonably applied clearly established Supreme Court precedent when it determined that the prosecutor's remarks did not rise to the level of reversible error because the evidence of Lopez's guilt outweighed any prejudice resulting from the misconduct.

■ Under 720 ILCS § 570/401.1, any person who knowingly brings or aids in bringing a controlled substance into Illinois for the purpose of manufacture or delivery is guilty of controlled substance trafficking. Lopez claims there was insufficient evidence to establish that he "trafficked" drugs by bringing them into Illinois (as opposed to picking them up once inside Illinois, which would have supported only a simple possession charge). Lopez thus reasons that he was prejudiced by the prosecutor's repeated references to the societal harms that drug traffickers inflict,

thus inflaming the jurors' passions against him despite the lack of evidence on that count. To succeed on his claim, Lopez must show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

■ If a prosecutor makes improper remarks during trial, the Supreme Court looks at the remarks in light of the entire record to determine if the defendant was deprived of a fair trial and considers several factors in evaluating a due process claim arising from alleged prosecutorial misconduct, including whether the prosecutor manipulated or misstated the evidence, whether the comments implicated other specific rights of the accused, whether the trial court's instructions ameliorated the harm, and whether the evidence weighed heavily against the defendant, and whether the defendant had an opportunity to rebut the prosecutor's comments. *Darden,* 477 U.S. at 181–82, 106 S.Ct. 2464; *see also United States v. Cheska,* 202 F.3d 947, 950 (7th Cir.2000); *Swofford v. Dobucki,* 137 F.3d 442, 444–45 (7th Cir.1998).

■ We do not believe that the Illinois appellate court unreasonably applied federal law in determining that Lopez's trial was not tainted with unfairness due to the prosecutor's comments. Lopez argues that the only evidence relied upon by the prosecution to prove that he brought the drugs into Illinois was the fact that the trip originated in California, where he lived, and that he told the officers that he was traveling to Ohio for vacation in a borrowed van. But ample circumstantial evidence proved that Lopez carried the cocaine into Illinois and, as the Illinois appellate court reasonably held, that any prejudice arising from the prosecutor's inflammatory comments was outweighed by the evidence of his guilt.

Lopez and Garay left California on Tuesday, November 3. The traffic stop occurred on Friday November 6 at the 72-mile post of Interstate 80. Lopez testified that he and Garay stopped every night on their trip, that they stopped only to sleep, and that they had spent the evening before their arrest in Des Moines, Iowa. The van that they drove had been substantially modified; it had a false floor that was raised to accommodate the drugs, and there was freshly glued carpet and new bolts attaching the middle seat to the false floor. There were also fresh weld marks underneath the van. The trap door that led to the compartment containing the cocaine was not accessible unless the carpet was unglued and the seat removed. It is highly improbable that Lopez and Garay traveled all the way from California only to stop within the 72 miles that they had traveled in Illinois along Interstate 80, unglue the carpet, unbolt and remove the middle seat and floor of the van, place over one hundred 1,000–gram bags of cocaine into the secret compartment, and then seal everything up and continue on their way. Moreover, as the Illinois appellate court emphasized, it defies comprehension that Lopez's friend simply would "loan" him a van laden with $38 million in cocaine to take cross country "on vacation" without informing Lopez of the valuable cargo. Lopez never claimed that the prosecutor manipulated or misstated the evidence or that his comments implicated Lopez's other rights (such as the right to counsel or to be free from self-incrimination). Moreover, Lopez's counsel rebutted at least some of the prosecutor's remarks during closing argument. Finally, the jury instructions informed the jury that closing arguments "should be confined to the evidence and to reasonable inferences to be drawn from the evidence" and reminded

them that "closing arguments are [not] evidence, and any statement or argument made by the attorneys which is not based on the evidence should be disregarded." In light of the substantial evidence establishing Lopez's guilt and other ameliorating factors, the Illinois appellate court reasonably held that the statements made by the prosecutor were improper but not excessively so and that Lopez was not deprived a fair trial. AFFIRMED.